(156 App. Div. 923.)

PEOPLE ex rel. BUFFALO & L. E. TRACTION CO. v. STATE BOARD OF TAX COM'RS.

(Supreme Court, Appellate Division, Fourth Department. April 30, 1913.) ·

Appeal from Special Term, Erie County.

Proceeding by the People, on the relation of the Buffalo & Lake Erie Traction Company, against the State Board of Tax Commissioners (City of Dunkirk Case). From a judgment for relator, defendant appeals. Affirmed.

Argued before McLENNAN, P. J., and KRUSE, ROBSON, FOOTE, and LAMBERT, JJ.

PER CURIAM. Order affirmed, with costs, upon the authority of decision in People ex rel. Buffalo & Lake Erie Traction Co. v. State Board of Tax Commissioners (Town of Westfield Case) 142 N. Y. Supp. 116, handed down this day. All concur, except KRUSE, J., who dissents in a memorandum.

KRUSE, J. (dissenting). If the $16,000, the value of the depreciated pavement, is assessable at all (and I think it is), I do not see that it makes any practical difference whether the tax commissioners classified it as tangible property belonging to the relator or an intangible right. The amount of the assessment will remain the same, unless, of course, there is a double assessment, including it in the intangible right and again with the tangible property. But it seems clear that was not done. It was stipulated and is found to be included with the tangible property, and it can hardly be assumed that the tax commissioners included the value of the pavement twice. And, besides, the entire assessment for the intangible right is but $12,000. I think no overvaluation has been shown, and no reduction should be made, save that the values should be reduced to a sum in proportion to which other property on the same rolls in the tax district is assessed, to wit, 80 per cent.